UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMIE S. COHEN, as trustee of the C. STARK 2004 TRUST,<br><br>              Plaintiff,<br><br>  vs.<br><br>SONJA DIANE KNUTSEN,<br><br>              Defendant.<br>_____/<br>AND RELATED CROSS ACTION.<br>_____/ | CASE NO. CV F 13-0687 LJO SAB<br><br>**ORDER TO VACATE HEARING WITH PENDING REMAND MOTION**<br>(Doc. 9 ) |

On June 11, 2013, plaintiff Tammie Cohen filed her pending remand motion (doc. 7). The remand motion is set for a July 31, 2013 hearing. On June 28, 2013, cross-defendant and counter-claimant Wells Fargo & Company Cash Balance Plan ("Wells Fargo") filed its summary judgment motion (doc. 9) and set a July 31, 2013 hearing. This Court does not rule on dispositive motions until its jurisdiction and remand issues are settled.

/ / /

1

1     Judges in the Eastern District of California carry the heaviest caseload in the nation,
2  and this Court is unable to devote inordinate time and resources to individual cases and
3  matters.  As such, this Court will not devote time or resources to a summary judgment motion
4  which will be rendered moot if this action is remanded.  Addressing the summary judgment
5  motion prior to determination of remand would jeopardize Judge O'Neill's case management
6  and would necessitate devotion of inordinate time and resources to this case at the expense of
7  other actions and litigants.

8     The parties and this case will be best accommodated if the parties consent to the
9  conduct of all further proceedings by one of the Court's U.S. Magistrate Judges.  The
10 Magistrate Judges' availability is far more realistic and accommodating to parties than that of
11 Judge O'Neill, who must prioritize criminal and older civil cases over more recently filed civil
12 cases.  If the parties consent to Magistrate Judge jurisdiction, the reassigned magistrate judge
13 can devote more available resources to accommodate this action and the parties.

14    Moreover, civil trials set before Judge O'Neill trail until he becomes available and are
15 subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer
16 reset to a later date if Judge O'Neill is unavailable on the original date set for trial.  If a trial
17 trails, it may proceed with little advance notice, and the parties and counsel may be expected to
18 proceed to trial with less than 24 hours notice.  Also, this Court's Fresno Division randomly
19 and without advance notice reassigns civil actions to U.S. District Judges throughout the nation
20 to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to
21 reassignment to a U.S. District Judge from outside the Eastern District of California.  Case
22 management difficulties, including briefing schedules, trial setting and interruption, are
23 avoided if the parties consent to conduct of proceedings by a Magistrate Judge.

24    The parties are required to consider, and if necessary, to reconsider consent to one of
25 the Court's Magistrate Judges.  A Magistrate Judge consent form is available on this Court's
26 website. The parties and counsel are encouraged to contact United States Senators Diane
27 Feinstein and Barbara Boxer to address this Court's inability to accommodate the parties and
28

this case.  For further information regarding handling of this case, the parties may contact staff attorney Gary Green at (559) 499-5683 or email him at ggreen@caed.uscourts.gov.

On the basis of good cause, this Court VACATES the July 31, 2013 hearing on Wells Fargo's summary judgment.  Wells Fargo may file and serve a renewed summary judgment motion after the remand motion ruling and if this action remains with this Court and is not remanded.   This Court will take no further action on Wells Fargo's summary judgment motion until a remand order is issued and a renewed summary judgment motion is properly set before Judge O'Neill.  No response or papers to oppose Wells Fargo's summary judgment motion are to be filed until the summary judgment motion is properly renewed after the remand ruling.  The clerk is directed to term doc. 9.

IT IS SO ORDERED.

Dated:   **July 1, 2013**                             **/s/ Lawrence J. O'Neill**
                                                                            UNITED STATES DISTRICT JUDGE