# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMIE S. COHEN, as Trustee of the C. STARK 2004 TRUST,<br><br>  Plaintiff,<br><br>  v.<br><br>SONJA DIANE KNUTSEN,<br><br>  Defendant.<br><hr>SONIA DIANE KNUTSEN,<br><br>  Plaintiff,<br><br>  v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>  Defendants. | Case No.  1:13-cv-00687-LJO-SAB<br><br>ORDER RE FURTHER BRIEFING REGARDING PLAINTIFF'S MOTION TO REMAND FOLLOWING CROSS-DEFENDANT WELLS FARGO'S REMOVAL OF THIS ACTION TO FEDERAL COURT |

This action was removed from the Superior Court of California for the County of Stanislaus on May 9, 2013.  (ECF No. 1.)  On June 11, 2013, Plaintiff Tammie S. Cohen ("Cohen") filed a motion to remand this action back to state court.  (ECF No. 7.)

This action was removed by Cross-Defendant Wells Fargo & Company ("Wells Fargo"), who was not named as a defendant in Cohen's pleadings in state court.  From the Court's review of the Notice of Removal, Cohen initiated the state court proceedings by filing a complaint

1

against Defendant Sonja Diane Knutsen ("Knutsen").  The operative pleading with respect to Cohen's claims is the First Amended Complaint filed on November 21, 2012.

On April 3, 2013, Knutsen filed a Cross-Complaint against Wells Fargo.  Wells Fargo then removed the entire state court action to this Court on the grounds that the Cross-Complaint raised issues under ERISA, invoking this Court's federal question jurisdiction.  It does not appear that any party contends that Cohen's claims against Knutsen are independently removable apart from Knutsen's cross-claims against Wells Fargo.

However, the Court notes that it appears that a third party defendant named in a cross-complaint may not remove an action from state court to federal court when subject matter jurisdiction is not premised on the original complaint.  See Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (federal jurisdiction may not rest upon a counterclaim); Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 831-32 (2002) ("a counterclaim-which appears as part of the defendant's answer, not as part of the plaintiff's complaint-cannot serve as the basis for 'arising under' jurisdiction.").  The cases cited by Wells Fargo in support of removal, Motor Vehicle Casualty Insurance Co. v. Russian River County Sanitation District, 538 F. Supp. 488 (N.D. Cal. 1981), and Southland Corp. v. Estridge, 456 F. Supp. 1296, 1301 (C.D. Cal. 1978), appear to have been rejected by more recent cases.  See HVAC Sales, Inc. v. Zurich American Ins. Group, No. C-04-03615 RMW, 2005 WL 2216950, at *3 (N.D. Cal. Jul. 25, 2005) ("...this case [Motor Vehicle Casualty] has dubious precedential value" and "[n]o court has ever cited it favorably"); Ciolino v. Ryan, No. C03-1396 TEH, 2003 WL 21556959, at *4 (N.D. Cal. Jul. 9, 2003).  Secondary sources also state that third party defendants may not remove an action from state court to federal court.  See 14C Charles Alan Wright, et al., Federal Practice & Procedure § 3730 (4th ed. 2013) ("Nor can third-party defendants brought into the state action by the original defendant exercise the right to remove claims to the federal court.").

Although caselaw suggests that Wells Fargo cannot remove this case from state court because it is a third party defendant, this issue was not raised in Cohen's motion to remand. Nonetheless, this Court has an independent duty to assess whether federal subject matter jurisdiction exists, irrespective of whether or not the parties raise the issue.  United Investors Life

Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).  Accordingly, the Court will invite the parties to brief the issue in their opposition and reply papers.

Based upon the foregoing, it is HEREBY ORDERED that:

1. If Cross-Defendant Wells Fargo & Company and/or Defendant Sonja Diane Knutsen intend to file an opposition to Plaintiff Tammie S. Cohen's motion to remand, they shall brief the issue of whether Wells Fargo has the authority to effectuate removal as a third party defendant.

2. Such briefing shall be included in their opposition(s) to Cohen's motion to remand, currently due on July 17, 2013[1]; and

3. Cohen may include any additional briefing on the same issue in her reply, currently due on July 24, 2013.

4. This matter is re-set from July 31, 2013 to **August 1, 2013 at 3:00 p.m. in Courtroom 9** before United States Magistrate Judge Stanley A. Boone.

IT IS SO ORDERED.

Dated: **July 5, 2013**

UNITED STATES MAGISTRATE JUDGE

---

[1] If Wells Fargo or Knutsen do not oppose remand, they shall file a statement of non-opposition pursuant to Local Rule 230(c).