# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMIE S. COHEN, | Case No.  1:13-cv-00687-LJO-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE REMANDED TO STATE COURT |
| v. | |
| SONJA DIANE KNUTSEN, et al., | ECF NO. 7 |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

This action was removed from the Superior Court of California for the County of Stanislaus on May 9, 2013.  (ECF No. 1.)  On June 11, 2013, Plaintiff Tammie S. Cohen ("Cohen") filed a motion to remand this action back to state court.  (ECF No. 7.)  The motion to remand was referred to the undersigned for findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B).

Pursuant to Local Rule 230(g), the Court finds that this matter is appropriate for decision without oral argument.  The matter is deemed submitted on the record and briefs on file.

For the reasons set forth below the Court finds that Cohen's motion to remand fails to set forth grounds for remand.  However, the Court further finds that remand is nonetheless appropriate because the Court has no jurisdiction over the claims raised in Defendant Sonja Diane Knutsen's Cross-Complaint.  Accordingly, the Court will recommend that this action be remanded to state court.

# I.

## PROCEDURAL BACKGROUND

This action, when it was proceeding in state court, originally consisted of Cohen's claims against Defendant Sonja Diane Knutsen ("Knutsen").  Cohen's First Amended Complaint was filed in state court on November 21, 2012.  (Cross-Defendant Wells Fargo & Co.'s Not. of Removal ("Not. of Removal"), Ex. C.)  The First Amended Complaint raised two causes of action for breach of contract and declaratory relief.  The First Amended Complaint alleged that Cohen was the surviving spouse of Charles D. Stark ("Stark") and Knutsen was Stark's ex-wife. The First Amended Complaint further alleges that Knutsen breached the Marital Settlement Agreement arising from the Stark/Knutsen divorce proceedings by receiving and retaining survivor annuity benefits from Stark's "First Interstate Bank Retirement and/or Deferred Income Plan."

On April 3, 2013, Knutsen filed a Cross-Complaint for declaratory relief against Cross-Defendant Wells Fargo & Company ("Wells Fargo").  (Not. of Removal, Ex. A.)  Knutsen sought a judicial declaration that she is the "surviving spouse" under the Employee Retirement Income Security Act of 1974 ("ERISA") with respect to Stark's "Qualified Joint and Survivor Annuity" plan.  The Cross-Complaint alleged that Wells Fargo was the "Plan Administrator" of the Qualified Joint and Survivor Annuity.[1]

Wells Fargo removed this action on the basis of federal question jurisdiction under 28 U.S.C. § 1441(c) over the claims in Knutsen's Cross-Complaint.  Wells Fargo contends that Knutsen's Cross-Complaint is founded upon a claim arising under ERISA.  (Cross-Defendant Wells Fargo & Co.'s Not. of Removal of Action to U.S. District Court ("Not. of Removal") ¶¶ 4, 6.)  Wells Fargo further contends that the entire state court action, including Cohen's First Amended Complaint, is removable because the claims asserted therein are "transactionally related" to the declaratory relief claim in Knutsen's Cross-Complaint.  (Not. of Removal ¶ 9.)

/ / /

---

[1] First Interstate Bancorp was Wells Fargo's predecessor and original Plan Administrator at the time of Stark's retirement.

1    Cohen's motion to remand argues that remand is proper because there is no federal claim

2    raised in Cohen's First Amended Complaint, Cohen's claims are not "pre-empted" by ERISA,

3    and there is no dispute that Knutsen is a "surviving spouse" under the ERISA plan.  (Pl.'s Notice

4    of Mot. and Mot. to Remand Case Back to State, and, for Just Costs and Expenses ("Mot. to

5    Remand") 4:16-8:23.)  Cohen further requests costs and expenses associated with Wells Fargo's

6    removal of this action.  (Mot. to Remand 9:1-23.)

7                                                 **II.**

8              **LEGAL STANDARDS PERTAINING TO MOTIONS TO REMAND**

9    Removal of actions from state court to federal court are generally governed by 28 U.S.C.

10   § 1441, which states, in pertinent part:

11           (a)     Generally.--Except as otherwise expressly provided by Act
             of Congress, any civil action brought in a State court of which the
12           district courts of the United States have original jurisdiction, may
             be removed by the defendant or the defendants, to the district court
13           of the United States for the district and division embracing the
             place where such action is pending.
14

15   Motions to remand are governed by 28 U.S.C. § 1447(c), which states, in pertinent part:

16           If at any time before final judgment it appears that the district court
             lacks subject matter jurisdiction, the case shall be remanded.  An
17           order remanding the case may require payment of just costs and
             any actual expenses, including attorney fees, incurred as a result of
18           the removal.

19   Federal courts have an independent duty to assess whether federal subject matter

20   jurisdiction exists, irrespective of whether or not the parties raise the issue.  United Investors Life

21   Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).  Removal statutes must be

22   construed narrowly in favor of remand to protect the jurisdiction of state courts.  Harris v.

23   Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005).  "Federal jurisdiction must be

24   rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc.,

25   980 F.2d 564, 566 (9th Cir. 1992) (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062,

26   1064 (9th Cir. 1979)).

27   / / /

28   / / /

# III.

# DISCUSSION

**A.    The Arguments Raised In Cohen's Motion To Remand Are Inapplicable To The Basis For Removal Identified In The Notice Of Removal**

Cohen argues that remand is proper because the First Amended Complaint does not raise any federal claims.  However, Cohen's arguments are unavailing because this action was not removed based upon the claims raised in Cohen's First Amended Complaint.  (Not. of Removal ¶¶ 3-10.)  Similarly, all of the arguments raised in Knutsen's opposition to Cohen's motion to remand are directed toward demonstrating how Cohen's First Amended Complaint is removable. (See Def. and Cross-Complainant Sonja Diane Knutsen's Opp'n to Pl.'s Mot. to Remand ("Knutsen Opp'n") 7:27-28 ("There is no attempt to recast the counter claim (cross-complaint) against Wells Fargo to get federal jurisdiction.  The only recasting required is that of Plaintiff's First Amended Complaint...").

The only basis for removal cited in Wells Fargo's notice of removal was the existence of federal question jurisdiction over the claims raised in Knutsen's Cross-Complaint.  In fact, Wells Fargo's notice of removal appears to take the position that Cohen's First Amended Complaint was not removable because the notice states that "[t]he Court should not sever and remand Cohen's Original Complaint,[2] because although it is separate and independent from Knutsen's claim against the Plan, it is transactionally related thereto."  (Not. of Removal ¶ 9.)

In addressing the motion to remand, the bases for removal cited in the Notice of Removal are the only grounds that this Court may look at when determining whether the removal was proper.  Sonoma Falls Developers, LLC v. Nevada Gold & Casinos, Inc., 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003); see also ARCO Environmental Remediation, LLC v. Department of Health and Environmental Quality of Montana, 213 F.3d 1108, 1117 (9th Cir. 2000).  Any additional or alternative grounds that were not raised in the Notice of Removal would be untimely raised if they were asserted for the first time at this point in the proceedings:

---

[2] Wells Fargo indicated that references to "Original Complaint" in their Notice of Removal refers to Cohen's First Amended Complaint filed in state court on November 21, 2012 and not to any prior complaint filed by Cohen.  (See Not. of Removal ¶ 1.)

1  procedurally, a defendant seeking to remove a case to federal court must do so within thirty days

2  of being served with the complaint.  28 U.S.C. § 1446(b); <u>ARCO Environmental Remediation,</u>

3  <u>LLC</u>, 213 F.3d at 1117.  "The Notice of Removal 'cannot be amended to add a separate basis for

4  removal jurisdiction after the thirty day period.'"  <u>ARCO Environmental Remediation, LLC</u>, 213

5  F.3d at 1117 (quoting <u>O'Halloran v. University of Washington</u>, 856 F.2d 1375, 1381 (9th Cir.

6  1988)).

7          In this case, Cohen's arguments pertaining to the impropriety of removal based upon the

8  First Amended Complaint addresses issues that are not relevant to the grounds for removal cited

9  in the Notice of Removal.  Since Cohen did not present arguments that demonstrate how Wells

10 Fargo's Notice of Removal was improper, the Court will recommend that Cohen's motion to

11 remand be denied.

12          **B.    The Court Lacks Jurisdiction Over The Claims Raised In Knutsen's Cross-Complaint**

13

14          Although Cohen's motion to remand does not identify a proper basis to remand this

15 action back to state court, the Court nonetheless maintains an independent duty to assess whether

16 it has jurisdiction over this action.  <u>United Investors Life Ins. Co. v. Waddell & Reed Inc.</u>, 360

17 F.3d 960, 967 (9th Cir. 2004).  For the reasons set forth below, the Court finds that it does not

18 have jurisdiction over this action.

19          1.    <u>Removal Cannot Be Premised On Claims Raised In A Cross-Complaint</u>

20          Removal was improper in this case because Wells Fargo's Notice of Removal was

21 premised upon claims raised in a cross-complaint.[3]  Federal jurisdiction may not rest upon an

22 actual or anticipated counterclaim.  <u>Vaden v. Discover Bank</u>, 556 U.S. 49, 60 (2009).  "[A]

23 federal counterclaim ... does not establish 'arising under' jurisdiction....  [I]t would undermine

24 the clarity and simplicity of that rule if federal courts were obliged to consider the contents not

25 only of the complaint but also of responsive pleadings in determining whether a case 'arises

26 under' federal law."  <u>Id.</u> (citing <u>Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.</u>,

27 ───────────────
[3] As discussed above, the argument that removal was improper because it was premised upon claims raised in a
cross-complaint was not addressed in Cohen's motion to remand.  However, on July 5, 2013, the Court asked the
28 parties to address this issue in their oppositions and replies to the motion.  (ECF No. 13.)

535 U.S. 826, 832 (2002)); see also Holmes Group, Inc., 535 U.S. at 831 ("a counterclaim-which appears as part of the defendant's answer, not as part of the plaintiff's complaint-cannot serve as the basis for 'arising under' jurisdiction.").

After the Court asked the parties to brief the issue on whether it was proper to remove this case based upon claims raised in Knutsen's Cross-Complaint, Wells Fargo filed an non-opposition stating that they do not oppose remand.  (Wells Fargo & Co. and Wells Fargo & Co. Cash Balance Plan's Non-Opp'n to Tammie Cohen's Mot. for Remand and Obj. to Req. for Attorney's Fees and Expenses ("Wells Fargo Non-Opp'n") 7:21-8:10.)

Although Wells Fargo does not oppose remand, Knutsen filed an opposition opposing remand.  However, as discussed above, Knutsen's arguments pertain to whether the claims in Cohen's First Amended Complaint are removable, which will not be considered here Wells Fargo did not remove this action based upon this Court's jurisdiction over the claims in Cohen's First Amended Complaint.  See discussion, supra, Part III.A.  Moreover, as discussed below, the Court finds that the claims raised in Cohen's First Amended Complaint are not removable because the claims are not of the type subject to complete preemption under ERISA.  See discussion, infra, Part III.B.2.

Based upon the foregoing, this Court has no jurisdiction over this action based upon the claims raised in Knutsen's Cross-Complaint.

2.    The Claims Raised In Cohen's First Amended Complaint Do Not Establish Federal Question Jurisdiction

Since the Court is exercising its independent duty to determine whether jurisdiction is proper, the Court will look beyond Knutsen's Cross-Complaint to determine whether any other basis for jurisdiction exists in this case.  However, even if the Court were to look to the claims raised in Cohen's First Amended Complaint, there is no federal question jurisdiction in this action.

As an initial matter, the Court notes that Cohen's First Amended Complaint, on its face, does not raise any federal claims or issues.  Cohen's First Amended Complaint raises causes of action for breach of contract and for declaratory relief.

1    Moreover, Cohen's First Amended Complaint does not assert the type of state law claim
2  that can be deemed federal despite its basis in state law.  "[I]n certain cases federal-question
3  jurisdiction will lie over state-law claims that implicate significant federal issues."  Grable &
4  Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308 312 (2005).   In
5  determining whether federal-question jurisdiction lies in action involving state-law claims
6  between nondiverse parties, the Court must consider whether the state-law claim "necessarily
7  raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may
8  entertain without disturbing any congressionally approved balance of federal and state judicial
9  responsibilities."  Id. at 314.

10    In this case, Cohen's First Amended Complaint does not raise any substantial federal
11  issues.  Cohen seeks to enforce the terms of a settlement agreement executed in the context of a
12  divorce proceeding between Knutsen and Stark.  The mere fact that the property at issue happens
13  to be annuity benefits governed by ERISA requirements does not in itself raise any substantial
14  federal issues.

15    In her opposition, Knutsen presented the argument that federal question jurisdiction exists
16  because federal ERISA law completely preempts the state claims raised in Cohen's First
17  Amended Complaint.  The complete preemption doctrine states that federal question jurisdiction
18  exists in the ERISA context if 1) an individual, at some point in time, could have brought their
19  claim under ERISA § 502(a)(1)(B) and 2) there is no other independent legal duty that is
20  implicated by a defendant's actions.  Marin General Hosp. v. Modesto & Empire Traction Co.,
21  581 F.3d 941, 946 (9th Cir. 2009).  Here, neither prong is satisfied because Cohen is not raising
22  any claims cognizable under Section 502(a)(1)(B).  Cohen does not challenge the denial of
23  annuity benefits under an ERISA plan.  Instead, Cohen contends that Knutsen relinquished her
24  right to any survivor annuity benefits.  The second prong is not satisfied because Cohen alleges
25  that Knutsen was under an independent state law duty to relinquish her right to benefits under
26  Stark's ERISA plan under the terms of the Marital Settlement Agreement.

27    Knutsen further argues that federal-question jurisdiction exists because federal law
28  issues, specifically ERISA's provisions concerning Knutsen's entitlement to survivor annuity

1  benefits and ERISA's qualified domestic relations orders ("QDRO") requirements, will be

2  relevant in resolving Cohen's claims.  Knutsen contends that Cohen's claims are barred because

3  ERISA requires a QDRO to be entered in the underlying divorce proceedings in order for

4  Knutsen to validly disclaim her rights to survivor annuity benefits.  However, since complete

5  preemption does not apply, the well-pleaded complaint rule applies and operates to bar federal

6  question jurisdiction based upon Knutsen's anticipated defense to Cohen's claims.  The well-

7  pleaded complaint rule requires federal jurisdiction to be based upon a federal question presented

8  on the face of Cohen's First Amended Complaint.  See Caterpillar Inc. v. Williams, 482 U.S.

9  386, 392-93 (1987).   In other words, federal jurisdiction does not exist even if Knutsen

10 anticipates that a federal defense applies to Plaintiff's state claims because Knutsen's anticipated

11 federal law defense does not appear on the face of Cohen's First Amended Complaint.  Id.

12     Based upon the foregoing, this Court has no jurisdiction over the claims raised in

13 Cohen's First Amended Complaint.  This action should be remanded to state court.

14  **C.    Reasonable Costs And Expenses**

15     Cohen seeks $5,000.00 in attorney's fees associated with removal pursuant to 28 U.S.C. §

16 144(c).  Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just

17 costs and any actual expenses, including attorney fees, incurred as a result of the removal."  A

18 finding of bad faith is not a prerequisite to an award of expenses under Section 1447(c).  Moore

19 v. Permanente Medical Group, Inc., 981 F.2d 443, 446 (9th Cir. 1992).  "Section 1447(c)

20 authorizes courts to award costs and fees, but only when such an award is just."  Martin v.

21 Franklin Capital Corp., 546 U.S. 132, 138 (2005).  "Absent unusual circumstances, courts may

22 award attorney's fees under § 1447(c) only where the moving party lacked an objectively

23 reasonable basis for seeking removal."  Id. at 141.

24     However, in this case, Cohen's motion to remand raised arguments that were not on

25 point.  As discussed above, the notice of removal in this case indicated that removal was based

26 upon the claims raised in Knutsen's Cross-Complaint.  Cohen's motion to remand did not

27 address whether removal was proper based upon the claims raised in Knutsen's Cross-Complaint

28 and instead addressed whether removal was proper based upon the claims raised in Cohen's First

1  Amended Complaint.  Therefore, the arguments in Cohen's motion to remand were insufficient

2  to establish that removal was improper in this case.

3        The Court finds that it would be unreasonable and unjust to require Wells Fargo to

4  reimburse Cohen for costs and expenses incurred to prepare a motion to remand that raises

5  arguments that do not address the grounds cited in Wells Fargo's notice of removal.  Regardless

6  of whether Wells Fargo lacked an objectively reasonable basis for seeking removal, the expenses

7  Cohen incurred in preparing her motion to remand were not reasonable.  See Albion Pacific

8  Property Resources, LLC v. Seligman, 329 F. Supp. 2d 1163, 1166 (N.D. Cal. 2004) ("Section

9  1447(c) is best read as calling for the award of *reasonable* attorney fees incurred as a result of

10 removal.") (italics in original).  Cohen does not identify any other costs or expenses associated

11 with removal.  Accordingly, the parties should bear their own costs and expenses.

12                                     **IV.**

13                       **CONCLUSION AND RECOMMENDATION**

14       The Court finds that remand is appropriate because the Court lacks jurisdiction over the

15 claims raised in Knutsen's Cross-Complaint.  The Court further finds that an award of costs and

16 expenses would be unreasonable.

17       Based upon the foregoing, it is HEREBY RECOMMENDED that:

18       1.     Plaintiff Tammie S. Cohen's motion to remand be DENIED (ECF No. 7);

19       2.     This action be remanded to state court on the grounds that this Court lacks

20              jurisdiction over this action; and

21       3.     The parties shall bear their own costs and expenses associated with removal.

22       These findings and recommendations are submitted to the district judge assigned to this

23 action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen

24 (14) days of service of this recommendation, any party may file written objections to these

25 findings and recommendations with the Court and serve a copy on all parties.  Such a document

26 should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The

27 district judge will review the magistrate judge's findings and recommendations pursuant to 28

28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified

time may waive the right to appeal the district judge's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 1, 2013**

UNITED STATES MAGISTRATE JUDGE